UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUIS A. BANKS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 1:23-cv-01028 (UNA) |
| v. ) | |
| ) | |
| U.S. DEPARTMENT ) | |
| OF EDUCATION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiffs' *pro se* complaint, ECF No. 1, and the application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, filed by plaintiff Louis A. Banks. For the reasons explained below, the court will grant the IFP application (as to Banks only) and dismiss this matter without prejudice.

Mr. Banks brings this matter on his own behalf and on behalf of his minor child. He also attempts to bring this matter on behalf of other "private plaintiffs," which he may not do. As a general rule, a *pro se* litigant can represent only himself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (same); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003) (same), *affd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004). This requirement includes the submission of separate and individually executed IFP applications. *See* 28 U.S.C. § 1915.

Banks seeks $397 million in damages for, *inter alia*, alleged common law torts and civil rights violations arising from his minor child's education. He sues approximately 60 defendants

with little to no explanation as to their actual alleged wrongdoing, except for Banks' belief, whether real or imagined, of their involvement in a widespread conspiracy to withhold educational benefits. The complaint is quite difficult to follow and attaches several lengthy exhibits without explanation. *See* D.C. LCvR 5.1(e) ("No complaint [or] amended complaint . . . shall have appended thereto any document that is not essential to determination of the action.").

*Pro se* litigants must comply with the Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). And "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant complaint falls squarely into this category. Although Banks cites to a laundry list of legal authority, he provides little to no context connecting that authority to his intended claims, which are extremely difficult to decipher. Put simply, he presents mere conclusory

statements within a tangled mass of assertions that fail to provide the defendants with notice of any cognizable claim. As here, a court cannot accept "legal conclusion[s] couched as a factual allegation[s]," or "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678.

For all of these reasons, the court grants Banks' IFP application, ECF No. 2, and dismisses the complaint, ECF No. 1, without prejudice.

An order accompanies this memorandum opinion.

Date:   April 28, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge